UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 14-355 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| WESLEY JOHN HANSON, | |
| Defendant. | |

Wesley John Hanson, Prisoner #18350-041, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952, *pro se*.

Surya Saxena, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Wesley John Hanson is currently serving a 54-month prison sentence after pleading guilty to aiding and abetting possession with intent to distribute AB-Fubinaca, a controlled substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Hanson now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel during his sentencing. Because Hanson has not satisfied his heavy burden of showing that his counsel's performance was deficient or prejudicial, the Court will deny the motion. For this same reason, the Court will also deny Hanson's requests for an evidentiary hearing and appointment of counsel.

BACKGROUND

On March 21, 2014, law enforcement obtained and executed a search warrant at a residence associated with Hanson and recovered ten oxycodone pills and a quantity of AB-Fubinaca, both controlled substances. On May 9, 2014, Hanson pleaded guilty in Minnesota state court to Fifth Degree Drug Possession for the ten oxycodone pills.[1] Hanson was sentenced to 19 months in prison, but the state court stayed his sentence for a period of five years. After Hanson committed two probation violations, however, the state court revoked the stay. Hanson began serving his state sentence on October 23, 2014.

On November 3, 2014, the United States charged Hanson in a one-count Indictment for aiding and abetting possession with intent to distribute AB-Fubinaca, the second controlled substance recovered pursuant to the March 21 search warrant. (Indictment, Nov. 3, 2014, Docket No. 1.) Hanson pleaded guilty to the sole count on March 11, 2015, and appeared before this Court for sentencing on June 30, 2015. The Court calculated an advisory guideline range of 77 to 96 months and varied downward to impose a sentence of 54 months, to be served consecutively to Hanson's state sentence. (Statement of Reasons, July 9, 2015, Docket No. 39; *see also* Sentencing J., July 9, 2015, Docket No. 38.)

Hanson filed the present § 2255 motion on March 16, 2016. (Mot. to Vacate, Set Aside, or Correct Sentence, Mar. 16, 2016, Docket No. 40.) Hanson argues that his defense counsel rendered ineffective assistance during sentencing because she failed to

---

[1] Hanson was apparently also initially charged with possession of the AB-Fubinaca in state court, but that charge was dismissed pursuant to a plea agreement.

argue that his state offense was relevant conduct under U.S.S.G. § 1B1.3(a) and that he was therefore entitled to credit for time served and a concurrent sentence under U.S.S.G. § 5G1.3(b).  Hanson asks the Court to appoint counsel, to hold an evidentiary hearing, and to resentence him in accordance with § 5G1.3(b).

## ANALYSIS

I.  **SECTION 2255 MOTION**

Section 2255 permits collateral attack of a federal conviction alleged to have been imposed in violation of the Constitution or federal law.  28 U.S.C. § 2255(a).  However, "[a] movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (first citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982); and then citing *Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995)).  In general, "a showing of ineffective assistance of counsel satisfies both cause and prejudice," but the petitioner "faces a heavy burden" to make this showing.  *Id.*  First, the petitioner must establish that "his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance."  *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) (citing *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001)).  Second, the petitioner must show that "he suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result." *Id.* at 1250 (citing *Taylor*, 258 F.3d at 818).  "Failure to establish either prong is fatal to a claim of ineffective assistance."  *Id.* (citing *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir.

2011)).  Additionally, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States,* 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 688, 687 (1984)).

Here, Hanson's § 2255 motion fails because he has not satisfied his heavy burden of showing either that his counsel's assistance was deficient or that the allegedly deficient performance was prejudicial. The underlying premise of Hanson's motion is that his state offense was relevant conduct to his federal offense under U.S.S.G. § 1B1.3(a). Hanson relies on U.S.S.G. § 5G1.3(b), which provides that if a defendant's

> term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Based on the above guideline, Hanson argues that the Court should have (1) given him credit for the 385 days he had already served on his state sentence and (2) imposed a sentence to run concurrently to the remainder of his undischarged state term. Hanson contends that his counsel was ineffective because she failed to investigate and advance this argument. But Hanson's argument – and thus his § 2255 motion – fails because his state offense was not actually relevant conduct to his federal offense under § 1B1.3(a).

- 4 -

In *United States v. Fraser*, the Eighth Circuit held that "in calculating the base offense level under U.S.S.G. § 2D1.1 for a conviction of possession with the intent to distribute, . . . drug quantities intended for personal use must be excluded." 243 F.3d 473, 475-76 (8th Cir. 2001). The court reached this conclusion based on its finding that drug possession for personal use does not constitute relevant conduct under § 1B1.3(a) for a conviction of possession with intent to distribute. *Id.* at 475. The court determined – in light of § 1B1.3(a)(2)'s command that a prior offense is only relevant conduct if it is "part of the same course of conduct or common scheme or plan as the offense of conviction" – that "[k]eeping drugs for oneself is not within 'the common scheme or plan' of selling, giving, or passing them to another." *Id.* The court further noted that "it would be troublesome if the base offense level for a defendant convicted of possession with intent, a specific-intent crime, included drugs she had no intention of distributing." *Id.*

Here, although the context is different, the reasoning is the same. In the state court action, Hanson was convicted of Fifth Degree Drug Possession of oxycodone, a possession-based offense. Importantly, Hanson has made no argument, and there is no evidence in the record to suggest, that he intended to distribute the oxycodone or that he had the oxycodone for anything other than personal use. In the instant federal action, on the other hand, Hanson pleaded guilty to possession with intent to distribute AB-Fubinaca, an intent-to-distribute–based offense. The difference between these two offenses is determinative under *Fraser* and § 1B1.3(a) – possession of oxycodone is not a part of the same course of conduct or common scheme or plan of possessing with intent

to distribute AB-Fubinaca. Hanson nevertheless argues that his state offense constitutes relevant conduct to his federal offense because both originated from the same search warrant and he was originally charged in state court with possession of AB-Fubinaca. But those facts are irrelevant due to of the nature of the convictions: one was possession-based and the other was intent-to-distribute–based.[2] Accordingly, Hanson's state offense was not relevant conduct to his federal offense under § 1B1.3(a), and Hanson was not entitled to credit for time served and a concurrent sentence under § 5G1.3(b). Because Hanson was not entitled to application of § 5G1.3(b), it cannot be said that his counsel's assistance was deficient for failing to raise the argument. As the Eighth Circuit has found, "counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Alternatively, even if the state offense was relevant conduct under § 1B1.3(a), and Hanson's counsel did provide deficient assistance by failing to argue for application of § 5G1.3(b), Hanson's motion still fails because he has not shown that this deficient performance was prejudicial. Although Hanson's counsel did not argue for application of § 5G1.3(b), she did seek credit for time served, a concurrent sentence, and a downward variance based on the fact that Hanson had been prosecuted in different jurisdictions for separate offenses arising from the same search warrant. (*See* Def.'s Position Regarding

---

[2] Hanson additionally argues that the state offense is relevant conduct because he received three criminal history points for it. But this fact is also irrelevant. In general, a prior sentence will count towards a defendant's criminal history score if it was imposed "for conduct **not** part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (emphasis added). "Conduct is 'part of the instant offense' if it constitutes 'relevant conduct' under U.S.S.G. § 1B1.3." *United States v. Pepper*, 747 F.3d 520, 526 (8th Cir. 2014). Thus, the fact that Hanson received criminal history points for his state sentence merely shows that Court determined – accurately under Eighth Circuit precedent – that the state offense was not relevant conduct to the federal offense.

Sentencing at 9-11, June 24, 2015, Docket No. 36.)  In crafting the appropriate sentence, the Court declined to give Hanson credit for time served or to impose a concurrent sentence,[3] but did vary downwards by 23 months.  The Court specifically noted during the sentencing hearing that it elected to vary downwards **instead** of imposing a higher and concurrent sentence.  And this decision benefitted Hanson – his release date is sooner than it would have been had the Court elected to impose a concurrent sentence with credit for time served but without a downward variance.

This outcome illustrates why Hanson cannot show prejudice.  Had the Court applied § 5G1.3(b) and imposed a concurrent sentence with credit for time served, the Court likely would have declined to vary downward or included a much smaller variance.  Thus, contrary to Hanson's argument, application of § 5G1.3(b) may have actually led to a more punitive sentence.  Although it is possible that the Court could have imposed a sentence with a comparable variance, merely showing that a different outcome is possible does not satisfy Hanson's heavy burden of showing that there is a reasonable probability of a different outcome.  *See Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error(s) had some 'conceivable effect' on the result of the proceeding." (quoting *Strickland*, 466 U.S. at 693)).  On this ground, Hanson again has not established ineffective assistance of counsel.  The Court will therefore deny Hanson's § 2255 motion.

---

[3] As an important side note, the Court had discretion under 18 U.S.C. § 3584(a) to impose a concurrent or consecutive sentence because Hanson was "already subject to an undischarged term of imprisonment" – specifically, his state sentence.

## II.  EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

Hanson also requests an evidentiary hearing and appointment of counsel.  Because Hanson's "motion and the files and records of the case conclusively show that [he] is entitled to no relief," the Court will deny the motion without holding an evidentiary hearing.  28 U.S.C. § 2255(b); *see also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if . . . the movant's 'allegations, accepted as true, would not entitle' the movant to relief . . . ." (quoting *Sanders v. United Stated*, 341 F.3d 720, 722 (8th Cir. 2003)).

The Court will also deny Hanson's request for appointment of counsel.  The Court may appoint counsel for a § 2255 motion when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  If the Court conducts an evidentiary hearing and certain other requirements are met, then appointment of counsel is mandatory.  *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001).  However, if an evidentiary hearing is not necessary, then appointment of counsel is discretionary.  *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).  Here, no evidentiary hearing is necessary, and the interests of justice do not require appointment of counsel because Hanson's claim lacks merit for the reasons described above.

## III.  CERTIFICATE OF APPEALABILITY

As a final matter, Hanson cannot appeal this Order without a certificate of appealability, 28 U.S.C. § 2253(c)(1)(B), and the Court cannot grant one unless Hanson has made "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2);

*Williams v. United States,* 452 F.3d 1009, 1014 (8th Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, the Court finds no basis to conclude that reasonable jurists would find the rejection of Hanson's claim debatable or wrong. The Court therefore declines to grant a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Hanson's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 40] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 27, 2016　　　　　　　_____*John N. Tunheim*_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court